## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIGITUDE INNOVATIONS LLC, | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SONY CORPORATION, SONY | ) | JURY TRIAL DEMANDED |
| CORPORATION OF AMERICA, SONY | ) | |
| ELECTRONICS, INC., SONY | ) | |
| ERICSSON MOBILE | ) | |
| COMMUNICATIONS AB and SONY | ) | |
| ERICSSON MOBILE | ) | |
| COMMUNICATIONS (USA) INC. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

1.     Plaintiff Digitude Innovations LLC. ("Digitude" or "Plaintiff"), by and through its attorneys, hereby demands a jury trial and complains of Defendants Sony Corporation, Sony Corporation of America, Sony Electronics, Inc. Sony Ericsson Mobile Communications AB, and Sony Ericsson Mobile Communications (USA) Inc. ("Defendants") as follows:

### NATURE OF THE ACTION

2.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.,* to enjoin infringement and obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent No. 5,926,636 (the "'636 Patent") (attached as Exhibit A) entitled "Remote Procedure Call

Component Management Method for a Heterogeneous Computer Network," United States Patent No. 5,929,655 (the "'655 Patent") (attached as Exhibit B) entitled "Dual-Purpose I/O Circuit in a Combined LINK/PHY Integrated Circuit," United States Patent No. 6,208,879 (the "'879 Patent") (attached as Exhibit C) entitled "Mobile Information Terminal Equipment and Portable Electronic Apparatus," and United States Patent No. 6,456,841 (the "'841 Patent") (attached as Exhibit D) entitled "Mobile Communication Apparatus Notifying User of Reproduction Waiting Information Effectively." Plaintiff seeks injunctive relief to prevent Defendants from continuing to infringe Plaintiff's patents. In addition, Plaintiff seeks a recovery of monetary damages resulting from Defendants' past infringement of these patents.

3.      This action for patent infringement involves Defendants' manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that are primarily used or primarily adapted for use in portable communication devices, including but not limited to Defendants' mobile phones, telecommunication devices, and other portable communication devices.

## THE PARTIES

4.      Plaintiff Digitude is a company with its principal place of business at 601 King St., Suite #404, Alexandria, Virginia, 22314-3169.

5.      Plaintiff Digitude is the lawful assignee of all right, title and interest in and to the '636, '655, '879, and '841 Patents (collectively, the "Asserted Patents").

6.      Plaintiff Digitude is a privately held company. Digitude focuses its business on licensing patented technology in the consumer electronics and communications industry, including the '636 Patent, the '655 Patent, the '879 Patent, and the '841 Patent.

7.      Upon information and belief, Defendant Sony Ericsson Mobile

#15215663 v1

Communications AB is a foreign company located at Nya Vattentornet, Lund, 221 88 Sweden, and is the product of a 2001 joint venture between Sony Corporation and Telefonaktiebolaget LM Ericsson, a Swedish corporation.  Upon information and belief, Sony Ericsson Mobile Communications AB is in the business of developing, manufacturing, and selling portable communication devices.  Such devices include, but are not limited to, cellphones and computer tablets.

8.      Upon information and belief, Defendant Sony Ericsson Mobile Communications (USA) Inc. is a wholly-owned subsidiary of Defendant Sony Ericsson Mobile Communications AB.  Upon information and belief, Sony Ericsson Mobile Communications (USA) Inc. is located at 7001 Development Drive, Research Triangle Park, North Carolina 27709.  Upon information and belief, Sony Ericsson Mobile Communications (USA) Inc. manages the North American operations of Defendant Sony Ericsson Mobile Communications AB.

9.      Plaintiff has been irreparably harmed by the Defendants' infringements of its valuable patent rights.  Moreover, Defendants' unauthorized and infringing uses of Plaintiff's patented systems and methods have threatened the value of this intellectual property because Defendants' conduct results in Plaintiff's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

10.      Defendants' disregard for Plaintiff's property rights threatens Plaintiff's relationships with existing licensees and potential licensees of Plaintiff's portable communication device patents.  The Defendants will derive a competitive advantage over any of Plaintiff's existing licensees and future licensees from using Plaintiff's patented

-3-

technology without paying compensation for such use.  Accordingly, unless and until the

Defendants' continued acts of infringement are enjoined, Plaintiff will suffer further

irreparable harm for which there is no adequate remedy at law.

## JURISDICTION AND VENUE

11.    This Court has jurisdiction over the subject matter of this patent

infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.    Upon information and belief, Defendants are subject to personal

jurisdiction in the State of Delaware because they regularly transact business in this judicial

district and division by, among other things, offering their products and services to

customers, business affiliates and partners located in this judicial district.  In addition, the

Defendants have committed acts of direct infringement of one or more of the claims of one or

more of the Asserted Patents in this judicial district.

13.    Venue is proper in this judicial district pursuant to 28 U.S.C.

§§ 1391(b), 1391(c), and 1400(b) because the Defendants are subject to personal jurisdiction

in this district, and have committed acts of infringement in this district.

## COUNT I
### (Infringement of United States Patent No. 5,926,636)

14.    Paragraphs 1 through 13 are incorporated by reference as if fully

restated herein.

15.    Plaintiff Digitude is the assignee and lawful owner of all right, title

and interest in and to the '636 Patent.

16.    Upon information and belief, Defendants make, use, sell, offer to sell

and/or import into the United States for subsequent sale or use products, services, methods or

processes that infringe, directly and/or indirectly, or which employ systems, components

-4-

and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '636 Patent. Such devices are tablets, cellular telephones, and other portable communication devices, including but not limited to Defendants' Xperia Play device and other substantially similar devices.

17.     Upon information and belief, the Defendants have been and continue to infringe one or more of the claims of the '636 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Upon information and belief, Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

18.     Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT II
### (Infringement of United States Patent No. 5,926,655)

19.     Paragraphs 1 through 18 are incorporated by reference as if fully restated herein.

20.     Plaintiff Digitude is the assignee and lawful owner of all right, title and interest in and to the '655 Patent.

21.     Upon information and belief, Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '655 Patent. Such devices include tablets, cellular telephones, and other portable communication devices, such as, but not limited to

-5-

Defendants' Xperia X8 Black 3G device and substantially similar devices.

22.     Upon information and belief, the Defendants have been and continue to infringe one or more of the claims of the '655 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Upon information and belief, the Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

23.     Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT III
### (Infringement of United States Patent No. 6,208,879)

24.     Paragraphs 1 through 23 are incorporated by reference as if fully restated herein.

25.     Plaintiff Digitude is the assignee and lawful owner of all right, title and interest in and to the '879 Patent.

26.     Upon information and belief, Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '879 Patent.  Such devices are portable communication devices, including but not limited to tablets, cellular telephones, and other portable communication devices, such as, but not limited to Defendants' Xperia Play 3G device and substantially similar devices.

#15215663 v1

27.     Upon information and belief, the Defendants have been and continue to infringe one or more of the claims of the '879 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Upon information and belief, the Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

28.     Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT IV
### (Infringement of United States Patent No. 6,456,841)

29.     Paragraphs 1 through 28 are incorporated by reference as if fully restated herein.

30.     Plaintiff Digitude is the assignee and lawful owner of all right, title and interest in and to the '841 Patent.

31.     Upon information and belief, Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '841 Patent.  Such devices are portable communication devices, including but not limited to tablets, cellular telephones, and other portable communication devices, such as, but not limited to Defendants' Xperia Play 3G device and substantially similar devices.

#15215663 v1

32.     Upon information and belief, the Defendants have been and continue to infringe one or more of the claims of the '841 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Upon information and belief, the Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

33.     Plaintiff is entitled to recover damages adequate to compensate for the infringement.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, granting Plaintiff the following relief:

A.     That this Court adjudge and decree that the '636 Patent is valid and enforceable against the Defendants, that the '655 Patent is valid and enforceable against the Defendants, that the '879 Patent is valid and enforceable against the Defendants, and that the '841 Patent is valid and enforceable against the Defendants;

B.     That this Court adjudge and decree that the Defendants have infringed the '636 Patent, the '655 Patent, the '879 Patent, and the '841 Patent;

C.     That this Court permanently enjoin the Defendants, and their parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on their behalf, or within their control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the Asserted Patents, or otherwise engaging in acts of

-8-

infringement of the Asserted Patents, all as alleged herein;

      D.    That this Court order an accounting, including a post-verdict accounting, to determine the damages to be awarded to Plaintiff as a result of the Defendants' infringement;

      E.    That this Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as it shall prove at trial against the Defendants that is adequate to compensate Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

      F.    That this Court assess pre-judgment and post-judgment interest and costs against the Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

      G.    That this Court declare this case to be exceptional and direct Defendants to pay Digitude's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285;

      H.    Grant to Plaintiff such other, further, and different relief as may be just and proper.

#15215663 v1

## JURY DEMAND

Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to FED. R. CIV. P. 38.

Dated: December 2, 2011

/s/ *Edmond D. Johnson*
Edmond D. Johnson (Del. Bar No. 2257)
James G. McMillan, III (Del. Bar No. 3979)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390

*Attorneys for Plaintiff, Digitude Innovations LLC*

-10-